**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST, | ) ) ) | |
| | ) | CASE NO.: 26-cv-8360 |
| Plaintiff, | ) ) | |
| | ) | JUDGE: |
| vs. | ) ) | |
| ECO-ALPHA CHICAGO INC., an Illinois Corporation, | ) ) ) | MAGISTRATE JUDGE: |
| Defendant. | ) ) | |

**COMPLAINT**

NOW COMES Plaintiff, the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST ("Welfare Fund"), by and through its attorneys, JOHNSON & KROL, LLC, and complains of the Defendant, ECO-ALPHA CHICAGO INC. ("Eco-Alpha"), as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Welfare Fund is administered at 2260 S. Grove Street, Chicago, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3.      The Welfare Fund receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between the International Union of Operating Engineers of Chicago, Illinois and Vicinity Local No. 399 ("Union") and employers, and is therefore a multiemployer plan under 29 U.S.C. § 1002.

4.      The Union is the bargaining representative of Defendant Eco-Alpha's bargaining-unit employees.

5.      Defendant Eco-Alpha is an Illinois corporation.

6.      Defendant Eco-Alpha's bargaining-unit employees perform work at various Chicago Public Schools ("CPS") buildings.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

7.      Effective July 1, 2024, Eco-Alpha signed a Collective Bargaining Agreement ("CBA") with the Union which covered bargaining-unit work performed at CPS buildings through June 30, 2028.  (A copy of the CBA is attached as **Exhibit 1**).

8.      Pursuant to the CBA, Eco-Alpha became bound by the terms of the Amended Restated Trust Agreement ("Trust Agreement") that created the Welfare Fund.

9.      Pursuant to the Trust Agreement, the Welfare Fund adopted a Restated Collection and Audit Policy ("Collection Policy") to administer the collection of contributions from contributing employers.  (A copy of the Collection Policy is attached as **Exhibit 2**).

10.     Pursuant to the provisions of the CBA, the Trust Agreement, and the Collection Policy, Eco-Alpha is required to pay monthly contributions to the Welfare Fund for all bargaining-unit employees.

11.     Welfare Fund contributions are billed in the third week of the month preceding the month

being billed, and payment is due the first day of the month following the month being billed.

12. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBA, the Welfare Fund's Trust Agreement, and the Collection Policy, employers who fail to submit their monthly contributions to the Welfare Fund within ninety (90) days of the due date are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus reasonable attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

13. Eco-Alpha failed to submit contributions to the Welfare Fund for the months of December 2025 through May 2026, in the aggregate amount of $603,339.00.

14. As a result of Eco-Alpha's failure to submit contributions to the Welfare Fund for December 2025 through May 2026 within ninety (90) days of the due date, Eco-Alpha owes the Welfare Fund liquidated damages totaling $40,326.00.

15. The Welfare Fund has been required to employ the undersigned attorneys to collect the monies that are due and owing from Eco-Alpha.

16. Eco-Alpha is obligated to pay the reasonable attorney's fees and court costs incurred by the Welfare Fund pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of the Welfare Fund and against Eco-Alpha in the aggregate amount of $643,665.00 for its breach of the CBA for the months of December 2025 through May 2026, itemized as follows:

     i.       $603,339.00 in unpaid contributions; and

     ii.      $40,326.00 in liquidated damages;

B.     That this Honorable Court enter Judgment in favor of the Welfare Fund and against Eco-Alpha for any amounts discovered to be owed in addition to those set forth in Paragraph A;

C.     That Eco-Alpha be ordered to pay the reasonable attorney's fees and costs incurred by the Welfare Fund pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D.     That the Welfare Fund have such other and further relief as the Court may deem just and equitable all at Eco-Alpha's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST**

/s/ William M. Blumthal, Jr. – 6281041
One of the Plaintiff's Attorneys
JOHNSON & KROL, LLC
141 W. Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 757-5477
blumthal@johnsonkrol.com